NELSON W. GOODELL, ESQ., SBN 264734
The Goodell Law Firm
5 Third Street, Suite 1100
San Francisco, CA 94103
(415) 495-3950 (office)
(415) 495-6900 (fax)
nelson@goodelllawsf.com (email)

Attorney for Debtor
ANGELIA GREEN

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA-SAN FRANCISCO DIVISION

In re:

ANGELIA GREEN

    Debtor.

Case No: **15-30454**
Chapter: **13**

**PRELMINARY OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l)**

Hearing Date: May 14, 2015
Time: 1:00 p.m.
Location: 235 Pine Street, San Francisco, CA 94104
Department: 23

**TO THE HONORABLE HANNAH L. BLUMENSTIEL, UNITED STATES BANKRUPTCY JUDGE, THE MOVANT, THE CHAPTER 13 TRUSTEE, THEIR COUNSEL OF RECORD, IF ANY, AND ALL OTHER PARTIES IN INTEREST:**

    Debtor, ANGELIA GREEN, ("Debtor"), respectfully submits the following opposition to the Movant's, DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR HARBORVIEW MORTGAGE TRUST 20007-2 ("Movant"), motion for relief from automatic stay or order confirming that the automatic stay does not apply under 11 U.S.C. § 362(l).

# I. THE INSTANT MOTION VIOLATES NORTHERN DISTRICT OF CALIFORNIA LOCAL RULE 9014-1 AND SHOULD BE DENIED ON THIS GROUND ALONE

In the instant motion, the Movant failed to comply with the Local Rule 9014-1(c) by failing to comply with the notice requirements of giving notice of the instant motion. That rule provides that a party desiring to have a hearing on a motion must give at least 28 days prior to the hearing be heard. L.R. 9014-1(c)

Here, Movant only gave twenty days' notice, and the Debtor has been substantially prejudiced by this lack of notice as she just retained counsel the day before this hearing was scheduled to occur. Thus, Debtor requests that this Court deny this motion. As stated in her counsel's declaration, Debtor could have provided a more comprehensive opposition if she had more time to do.

# II. MOVANT IS NOT ENTITLED TO RELIEF FROM THE AUTOMATIC STAY BECAUSE THEY HAVE NOT PRESENTED ADMISSIBLE EVIDENCE THAT THE FORECLOSURE SALE GIVING RISE TO THEIR CLAIM TO TITLE AND POSSESSION WAS CONDUCTED PRIOR TO THE DEBTOR FILING HER FIRST BANKRUPTCY PETITION

The automatic stay is "automatic" because it arises by operation of law upon the filing of a debtor's intiation bankruptcy petition. No court order is required to activate the stay. 11 U.S.C. section 362(a); *In re Mellor*, 734 F.2d 1396, 198 (9th Cir. 1984); *In re Aldrich*, 34 B.R. 776, 779 (9th Cir. BAP 1983). Indeed, in *In Re Aldrich*, the Ninth Circuit BAP ruled that "11 U.S.C. § 362 automatically provides the debtor with a broad temporary stay or injunction against certain actions by creditors against the debtor." *In re Aldrich*, 34 B.R. 776, 779 (9th Cir. BAP 1983.

In the instant motion, the Movant claims that they are entitled to an order from this Court ruling that they may proceed with an eviction dispossessing Plaintiff from her home. It is a

fundamental rule of federal bankruptcy law that "bankruptcy decisions must be supported by admissible evidence." *In Re Hudson*, 504 B.R. 569, 574 (9th Cir. BAP 2014). However, the Movant has provided not a shred of admissible evidence for this Court to make the determination that the foreclosure sale, upon which they base their claim for possession, did conclude prior to the first bankruptcy petition filed by the Debtor and there is presently a serious question over whether that is, in fact, this case. Based upon the record before this Court, the Court should deny the motion.

The salient facts follow. The Debtor acquired title to this property following the death of both of her parents in June 2013. The Debtor made payments to the servicer on the mortgage, Central Mortgage, from July to September 2013. Towards the end of 2013, the Debtor spoke with Central Mortgage and informed them that she had obtained title to the property, and subsequently sent them the living trust documents.

Thereafter, the Debtor engaged in a plethora of fruitless efforts to attempt to obtain a loan modification which are discussed in detail in her declaration. She was denied for a loan modification by Central Mortgage on the basis of insufficient income, even though the gross income calculation utilized by Central Mortgage was incorrect. Thereafter, the Debtor attempted to appeal Central Mortgage's decision, but Central Mortgage denied her appeal on the basis that she did not provide documentation supporting her income even though she had.

Turning to the most relevant facts of this motion, Movant claims that the sale occurred on September 12, 2014. On that same day, the Movant filed a voluntary chapter 13 bankruptcy petition at approximately 1:49 p.m, Northern District of California Bankruptcy Case No. 14-31336 The Movant does not state the time that the sale occurred. As stated in her declaration,

the Debtor has contacted the trustee who conducted the sale, and they have informed the Debtor that they do not know when the sale occurred either.

In support of their motion, the *only* evidence proffered by the Movant is its counsel's declaration. Its counsel has no personal, first-hand knowledge of the timing of the foreclosure sale, nor does Movant's counsel claim to do so in her declaration.

Thus, at present, there is a serious factual question over whether the Movant conducted the foreclosure sale prior to the Debtor filing her first bankruptcy petition. If the foreclosure sale was conducted after the Debtor first filed for bankruptcy, the foreclosure sale is *void ab initio*. *In Re Mitchell*, 279 B.R. 839, 842 (9th Cir. BAP 2007); *Schwartz v. United States (In re Schwartz),* 954 F.2d 569, 571 (9th Cir.1992).

Moreover, there is directly, on-point Ninth Circuit Bankruptcy Appellate panel that mandates that this Court find that there is insufficient evidence before the Court to determine that the Movant has met its burden that it is entitled to relief from automatic stay. In *In Re Hudson*, the Debtor filed a voluntary Chapter 13 bankruptcy petition at 10:28 a.m. in the Central District of California. *In re Hudson*, 504 B.R. 569, 571 (2014). A third party purchaser claimed to have purchased the Debtor's home at 10:01 a.m. *Id.* A Trustee's Deed Upon Sale was subsequently issued, as was a Notice to Quit. *Id.* When the Debtor failed to vacate the premises, the purchaser filed an unlawful detainer complaint in state court. *Id.*

The purchaser then filed a motion for relief from stay in order to continue with their unlawful detainer action. *Id at 572*. In said motion, the purchaser moved for relief from stay on the basis that they had purchased the property prior to the petition being filed and also requested that the Court annul the automatic stay "retroactive to the petition date to avoid having to re-file

the unlawful detainer action." *Id.* In support of this motion, the Purchaser attached a declaration of its property manager. *Id.*

The property manager averred that the sale occurred prior to the petition being filed, and the Central District of California Bankruptcy Court agreed. However, the property manager did not state that he had personal knowledge of the business records of the auctioneer that conducted the sale or that the document that purported to establish the time of the sale was kept within the regular course of business. *Id.* at 576. Thus, on appeal, the Ninth Circuit Bankruptcy Appellate Panel reversed and found that, since no proper foundation had been laid to introduce evidence as to the time of the foreclosure sale, the order granting the Movant's motion for relief from stay must be reversed. *Id.* at 577.

Here, the Movant has provided *no* evidence of the timing of the sale. The only evidence of the foreclosure sale whatsoever is its counsel's declaration that it occurred "pre-petition", which presumably refers to the filing of the instant petition, and not the first bankruptcy filing mentioned herein. In addition, even if Movant's counsel meant to refer to the first bankruptcy filing, she has no personal knowledge of when the sale occurred and does not even claim to.

Consequently, the Court should deny the instant motion.

Respectfully Submitted,

Dated: May 13, 2015

___/s/ Nelson W. Goodell_____
Attorney for Debtor, ANGELIA GREEN